Filed 7/14/26  Judson v. Tait CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| MELANIE JUDSON,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARTIN MANT TAIT,<br><br>    Defendant and Appellant. | 2d Civ. No. B346920<br>(Super. Ct. No. 24CV05556)<br>(Santa Barbara County) |

Martin Mant Tait appeals the trial court's award of attorney's fees to Melanie Judson after she prevailed on her civil harassment restraining order petition against Tait.  We affirm.

FACTS AND PROCEDURAL HISTORY

In October 2024, Judson filed her petition against her neighbor, Tait.  Judson alleged Tait, unhappy about an easement Judson and her husband had on his property, verbally abused and assaulted her almost immediately upon Tait moving into his property in 2016.  Judson alleged several instances of verbal abuse and assault by Tait, including Tait accusing the Judsons of being " 'on his land,' " cursing at an arborist hired to tend to the trees over the easement, harassing Judson at a local supermarket, telling

Judson's husband he was going to " 'kick [his] ass,' " calling Judson a "fucking bitch" and telling her he wished she was dead, and "brandishing" a shovel at Judson's direction before throwing it to the ground.

Judson alleged that in September 2024, Tait physically assaulted Judson's contractor, Todd Bebb, by brandishing a heavy steel pipe in his direction and grabbing him by the throat.[1] Bebb took video of the incident and the Santa Barbara County Sheriff's office responded. Tait was cited for battery against Bebb. Screenshots from Bebb's video showed that Tait had previously hidden the steel pipe in a hedge on the Judson property.

The trial court issued a temporary restraining order (TRO) until the hearing on Judson's request for a permanent protective order. After a bench trial, the court granted Judson's petition and issued a five-year protective order in favor of Judson and her husband.

As the prevailing party, Judson filed a motion to recover $76,467 in attorney's fees. Attached to the motion was counsel's declaration detailing services rendered and corresponding billing records. For example, counsel declared that he interviewed several witnesses, and prepared for examining other witnesses Tait identified in his witness list. But at trial, Tait only called his wife. Tait opposed the fee motion contending the requested fees were excessive. After reviewing the fee motion and opposition and hearing argument, the trial court reduced the requested fees by 30 percent, awarding Judson $53,527 in fees.

---

[1] Bebb filed his own request for a restraining order, and his petition was related to Judson's for hearing purposes.

DISCUSSION

Tait contends the fee award should be reversed because it is "so excessive" that it "shocks the conscience." We are not persuaded.

We review the order awarding Judson attorney's fees for abuse of discretion, reversing only if "the award shocks the conscience or is not supported by the evidence." (*Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, 549–550; *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134 (*Akins*) ["The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination"].)

The fees awarded here do not "shock the conscience." The trial court awarded less fees than Judson requested. The record reflects that the court reviewed the fee motion, including billing records, and Tait's opposition before awarding fees. For example, at the hearing on the fee motion, the court highlighted various entries in Judson's counsel's billing records that it found "puzzling," such as billing entries stating counsel "consider[ed]" certain issues. The court concluded Judson's counsel's billing was "excessive," and reduced the fee award by 30 percent, stating this was "a moderate and . . . appropriate amount." This reduction was a proper exercise of the trial court's discretion. (*Snoeck v. ExakTime Innovations, Inc.* (2023) 96 Cal.App.5th 908, 929 [trial court appropriately reduced requested lodestar amount by 20 percent for, among other things, "vague billing"].)

Tait nevertheless contends that Judson's counsel's billing practices warrant a further reduction. But Tait raised the issue of reducing the fees in the trial court, and the court responded by reducing the award by 30 percent. The court reduced the fees after

3

considering Tait's opposition and reviewing counsel's billing records. While Tait contends the reduction should have exceeded 30 percent, the reduced fee award here neither "shocks the conscience" nor "suggests . . . passion and prejudice." (*Akins, supra,* 79 Cal.App.4th at p. 1134.)

Moreover, Tait's contention that Judson should have incurred the same amount of fees as him lacks legal support. "The trial court is in the best position to determine the value of services rendered during the trial over which it presided and, accordingly, we will not disturb the court's decision regarding the appropriate amount of reasonable attorney fees absent a clear abuse of discretion." (*Cavalry SPV I, LLC v. Watkins* (2019) 36 Cal.App.5th 1070, 1101; see also *Wash v. Banda-Wash* (2025) 108 Cal.App.5th 561, 568 ["The recovery of attorney fees under subdivision (s) of [Code of Civil Procedure] section 527.6 is committed to the trial court's discretion"].) We will not disturb the trial court's ruling.

### DISPOSITION

The judgment is affirmed. Judson to recover her costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.                    McKAIG, J.*

---

* Judge of Ventura County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

Newmeyer & Dillion and James J. Ficenec for Defendant and Appellant.

Allen & Kimbell, James M. Sweeney and Christopher E. Hahn for Plaintiff and Respondent.